CRAIG H.  MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EMILY R.  DAHLKE (CABN 322196)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  4:19-CR-00464-JSW 4:25-CR-00409-001 JSW |
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| SHINDOZJANAE CAROLYN SMITH, | |
| a/k/a Nayshawn Goldie Smith | Hearing Date:  May 12, 2026<br>Hearing Time: 1:00 p.m. |
| Defendant. | Hon.  Jeffrey S.  White |

## I.    INTRODUCTION

Shindozjanae Carolyn Smith a/k/a Nayshawn Goldie Smith ("Smith" or "Defendant") is a recidivist offender who has consistently persisted in possessing firearms, committing new law violations and violating the terms of his supervised release.  His conduct in the charged case was serious, repeated and occurred while he was under the supervision of his Court. The government respectfully recommends that the Court sentence Smith to 60-months imprisonment on the charged case, followed by 24-months consecutive imprisonment on the Form 12, resulting in a total custodial sentence of 84-months. The United States submits that a total custodial sentence of 84-months is sufficient, but not greater than necessary to accomplish the sentencing goals of section 3553(a).

## II.    PROCEDURAL HISTORY

In 2018, Smith was charged for his role in a conspiracy to rob a postal worker at gunpoint. As a result of his guilty plea to one count of a violation 18 U.S.C.  § 371, Conspiracy to Commit Postal Robbery, this Court originally sentenced Smith to a term of 60-months in custody, to be followed by three-years of supervised release (*See* 19-cr-00464-001-JSW).  As detailed in the PSR, Smith struggled while in custody, in part because of his own behavior and in part because of abuse he suffered in BOP. *See* PSR ¶ 28. On May 1, 2023, this Court granted Smith's motion for compassionate release and Smith was subsequently released to a halfway house. *Id*. Unfortunately, Smith performed very poorly while on supervised release, including by absconding from the half-way house, failing to comply with multiple conditions of his release, and committing a number of new crimes, some of which are pending in state court. On August 29, 2025 and September 26, 2025, Smith was arrested for his possession of firearms and/or ammunition, and was subsequently charged in an Information with two counts of 18 U.S.C.  § 922(g)(1).  On November 24, 2025, Smith pled guilty to both counts, pursuant to a Rule 11(c)(1)(B) plea agreement. He also admitted Charges Two, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen and Fifteen in the Third Amended Form 12 (#4:19-cr-00464-JSW, Dkt. 285).  Sentencing for both the charged case and the Form 12 is set for May 12, 2026.

## III.    FACTUAL OVERVIEW

a.  **The Charged Conduct**

On August 28, 2025, Smith's wife flagged down San Francisco Police Department ("SFPD") officers in the Mission, stating that her husband, Smith, was breaking into her home and possessed a firearm. PSR ¶ 6.  SFPD observed Smith walking away from the residence and attempted to detain him. *Id*. Smith refused police commands and fled, throwing a loaded ghost gun from his person as he ran. *Id*; Dkt. 13. SFPD eventually detained Smith and recovered the firearm. *Id*. Smith was arrested by SFPD for his possession of the firearm but was not charged by the District Attorney's Office and was released from custody. PSR ¶ 7. His possession of the ammunition loaded into the ghost gun on this day forms the basis for Count 1.

Just a few weeks later, Smith was directed by his federal Probation Officer to report to the San Francisco Federal Courthouse located at 450 Golden Gate Avenue. *Id.* While going through security,

court security officers identified a magazine in Smith's bag, which was loaded with six rounds of ammunition. *Id*. Smith was detained. Later that day, his probation officer searched his vehicle. Inside Smith's vehicle, probation recovered a firearm loaded with eight rounds of ammunition and over 1,300 grams of marijuana, which Smith intended to sell for profit. *Id*. This conduct forms the basis for Count 2.

b. **Smith's Performance on Supervision**

As this Court is aware, Smith performed very poorly on supervision, following his release from custody. As discussed in the Supervised Release Violation Sentencing Memorandum prepared by Smith's probation officer, Smith's "performance while on supervised release has been egregious and highly concerning….and he has continued to commit new crimes while on supervision." Dkt. 301. As correctly identified in the memorandum, his history of possessing firearms coupled with his noncompliance on supervision demonstrates that he poses a substantial public safety risk. Currently, Smith has multiple open state cases, for crimes committed while he was on supervision. As will be discussed below, his total lack of compliance and disregard for Court orders necessitates a significant custodial sentence.

### IV.    SENTENCING GUIDELINES CALCULATION

The government agrees with the PSR's calculation of the Defendant's sentencing guidelines.  His base offense level is 20 pursuant to USSG §2K2.1(a)(4)(A) and he receives an additional 4 points because Smith possessed the firearm in connection with his intent to distribute marijuana, pursuant to USSG §2K2.1(b)(7)BA).  The government agrees that he should receive a 3 point reduction for acceptance of responsibility pursuant to USSG §3E1.1, for a total offense level of 21.  With a CHC of VI, his guidelines range on the charged case is 77-96.

Additionally, according to the Form 12, Smith's sentencing guidelines for his supervised release violations is 24-30 months, with a statutory maximum custodial term of 24 month, which the government agrees is correct.

### V.    APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C.  § 3553(a)(2). *United States v. Carty*, 520

F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the Defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offenses.

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 60-months imprisonment, on the charged case, followed by a consecutive 24-months on the Form 12, for a total custodial sentence of 84-months, followed by 3 years of supervised release on the charged case. The government submits that an 84-month total custodial sentence is the just and appropriate sentence under the circumstances., when considering the 18 U.S.C. § 3553(a) factors present in this case.

## VI.    ARGUMENT

### a. The Court Should Sentence Smith to 60-Months on the Charged Case

Both the government and Smith agree that the appropriate sentence on the charged case is 60-months. This modestly below-guidelines recommendation is appropriate given a number of mitigating facts in Smith's personal background, including his abusive childhood, his mental and emotional struggles, and the abuse and maltreatment he suffered during his prior period of federal incarceration. At the same time, the nature and circumstances of the offense as well as Smith's criminal history indicate

that he poses a serious danger to the community and a meaningful period of incarceration is necessary to achieve the aims of 3553(a). Smith brought a loaded magazine into a federal courthouse, for a meeting with his probation officer, while on supervised release, weeks after being arrested for possessing a firearm. This behavior demonstrates a reckless disregard for public safety and frankly, common sense. A sentence of 60-months on the charged case appropriately balances the aggravating factors in this case as well as the mitigating factors. Given Smith's history at BOP and based on the recommendation of the PSR, the government joins Probation's request that Smith be designated at a detention facility on the East Coast.

**b.  The Court Should Sentence Smith to a Consecutive 24-Months on the Form 12**

The government strongly supports and joins the supervising probation officer's recommendation that Smith receive the maximum custodial sentence on the Form 12, to be served consecutive to the charged case. A consecutive 24-month sentence on the Form 12 is both appropriate and necessary in this case. Smith was out of control while on supervision, refusing to comply with nearly every condition this Court imposed. He committed a number of new crimes while on supervision and refused to participate in residential treatment, absconding from his residential program. He brought a loaded magazine to a meeting with his probation officer at a federal courthouse. As noted in both the PSR and the revocation memorandum, he refused probation's resources and countless opportunities to engage in treatment (which could help him heal from his troubled background) and instead chose to repeatedly engage in criminal activity.

The reality is that Smith will be on supervision once he is released from custody. He needs to understand the importance of following the Court's orders. Probation was available and will be available in the future to provide the necessary resources, structure and stability to help Smith turn his life around. Probation cannot help Smith if he continues to refuse to participate in his supervision and violate Court orders. Sentencing Smith to the maximum custodial time on the Form 12 will provide a wake-up call to Smith that his behavior on supervision is totally unacceptable and will deter him from repeating his mistakes when he is released from custody in the future.

A total custodial sentence of 84-months achieves all the sentencing factors of 3553(a). It provides deterrence, it protects the public, reflects the seriousness of Smith's offenses and appropriately

USA SENTENCING MEMORANDUM
4:19-CR-00464-JSW 4:25-CR-00409-001 JSW

balances the mitigating and aggravating factors present in the case.

### VII.   CONCLUSION

For the foregoing reasons, the United States recommends the Court impose a custodial sentence of 60 months on the charged case, followed by a 24-month sentence on the Form 12 to run consecutively to the charged case, for a total custodial sentence of 84-months.  The United States joins probation's recommendation that the Court impose a 3-year term of supervised release on the charged case and that Smith be designated to a detention facility on the East Coast.

DATED: May 5, 2026                                   Respectfully submitted,

                                                     CRAIG H.  MISSAKIAN
                                                     United States Attorney


                                                     /s/ Emily R.  Dahlke
                                                     EMILY R.  DAHLKE
                                                     Assistant United States Attorney

USA SENTENCING MEMORANDUM
4:19-CR-00464-JSW 4:25-CR-00409-001 JSW